[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-11984
Non-Argument Calendar
_____

D.C. Docket No. 8:19-cv-02571-VMC-CPT


MAXINE MCTIZIC,
individually and on behalf of herself and
all others similarly situated,

                                        Plaintiff - Appellant,

versus


BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT,
BMW OF NORTH AMERICA, LLC,

                                        Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 22, 2021)

Before WILSON, MARTIN, and BRANCH, Circuit Judges.

PER CURIAM:

Maxine McTizic, proceeding pro se, appeals the dismissal with prejudice of her second amended complaint. She argues the district court erred in dismissing the complaint for lack of subject matter jurisdiction. She also argues the court abused its discretion in denying her another opportunity to amend. After careful consideration, we affirm.

**I.**

As relevant to this appeal, McTizic filed a second amended complaint alleging that defendants, BMW of North America and Bayerische Motoren Werke Aktiengesellschaft, knowingly sold her a defective 2012 BMW. The district court previously dismissed McTizic's original complaint and first amended complaint for failing to establish subject matter jurisdiction, among other pleading deficiencies. The district court then gave McTizic "one final opportunity to amend." Upon review of the second amended complaint, the magistrate judge issued a report and recommendation ("R&R") that also recommended dismissal for lack of subject matter jurisdiction. Despite being informed of the time period for filing objections to the R&R and the consequences for failing to do so, McTizic did not object to the R&R.

2

The district court adopted the R&R and dismissed the second amended complaint with prejudice.  McTizic appealed.

## II.

This Court ordinarily reviews de novo a district court's dismissal of a complaint for lack of subject matter jurisdiction.  Barbour v. Haley, 471 F.3d 1222, 1225 (11th Cir. 2006).  However, where a party fails to object to a magistrate judge's R&R in accordance with the provisions of 28 U.S.C. § 636(b)(1), that party "waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object."  11th Cir. R. 3-1.  In the absence of a proper objection, we may review for plain error, but only "if necessary in the interests of justice."  Id.  Additionally, although we read pro se briefs liberally, issues not briefed are deemed abandoned.  Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam).  A district court's judgment will be affirmed if an appellant fails to challenge each of the court's independent, alternative grounds for its ruling.  Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 680 (11th Cir. 2014).

The denial of leave to amend a complaint is reviewed for an abuse of discretion.  In re Engle Cases, 767 F.3d 1082, 1109 (11th Cir. 2014).

## III.

We conclude McTizic has not properly preserved her challenge to the dismissal of the second amended complaint. To begin, McTizic did not object to the R&R, which recommended that the complaint be dismissed with prejudice for lack of subject matter jurisdiction. Thus, she has waived the right to challenge that issue on appeal. See 11th Cir. R. 3-1. Moreover, McTizic does not address on appeal how the complaint establishes subject matter jurisdiction. As a result, she has abandoned any challenge to the dismissal of the complaint on that basis. See Timson, 518 F.3d at 874 ("[I]ssues not briefed on appeal by a pro se litigant are deemed abandoned[.]"). As such, we must affirm the district court's judgment on that ground. See Sapuppo, 739 F.3d at 680 ("When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed.").

Finally, we conclude the district court did not abuse its discretion in denying further leave to amend. The court gave McTizic two opportunities to amend, and she has not shown how additional amendment would cure the pleading defects it identified. See In re Engle, 767 F.3d at 1108–09 ("[A] motion for leave to amend may appropriately be denied . . . where amendment would be futile." (quotation

4

marks omitted)).  Therefore, we affirm the dismissal with prejudice of the second amended complaint.

**AFFIRMED.**